# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KLCG PROPERTY, LLC, and GURNEE PROPERTY, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-14418 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: January 4, 2010 at 4:00 p.m. (ET)<br>Hearing Date: January 11, 2010 at 3:00 p.m. (ET) |

## APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY VON BRIESEN & ROPER, S.C. AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

KLCG Property, LLC and Gurnee Property, LLC (each a "Debtor" and collectively, the "Debtors") hereby submit this application (the "Application") for an order authorizing the Debtors to employ and retain the law firm of von Briesen & Roper, s.c. ("von Briesen" or the "Firm") as their bankruptcy co-counsel, *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors submit the Affidavit of Claire Ann Resop (the "Resop Affidavit"), attached hereto as Exhibit A, and respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 16, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The last four digits of Debtors' federal tax identification numbers are: KLCG Property LLC (0521) and Gurnee Property, LLC (1995). The Debtors' address is 1700 Nations Drive, Gurnee, Illinois 60031.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief sought herein is section 327(a) of the Bankruptcy Code, along with Bankruptcy Rule 2014.

## GENERAL BACKGROUND

4. KLCG Property, LLC ("KLCG") is a Delaware single member limited liability company and wholly owned subsidiary of KeyLime Cove of Gurnee, LLC, a Delaware limited liability company ("Gurnee"). Gurnee is managed by KeyLime Cove Resorts, LLC, a Delaware limited liability company formed on October 13, 2005 ("Resorts").

5. KLCG was organized in Delaware on October 13, 2005 for the purpose of constructing, owning and operating a 414-room destination resort hotel, indoor water park and conference center located within the greater northern Chicagoland region in Gurnee, Illinois. The resort hotel and indoor water park are hereinafter referred to as "Water Park."

6. A detailed description of the events leading up to this chapter 11 filing is set forth more fully in the Declaration of Steven A. Nerger in Support of Chapter 11 Petitions and First Day Motions, filed in this case on December 16, 2009 [D.I. 2].

## RELIEF REQUESTED

7. By this Application, the Debtors seek authority to employ and retain von Briesen as their bankruptcy counsel with regard to the filing and prosecution of their chapter 11 cases, effective as of the Petition Date. By separate application, the Debtors have also asked the Court to approve the retention of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as bankruptcy co-counsel. von Briesen has discussed the division of responsibilities and will make every effort to avoid duplication of efforts. Accordingly, the Debtors respectfully request

the Court to enter an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing them to employ and retain von Briesen to perform the legal services that will be necessary during these chapter 11 cases.

8. The Debtors seek to retain Von Briesen as their attorneys because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors submit that von Briesen's knowledge, expertise and experience practicing before this Court will enable von Briesen to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for these cases, von Briesen has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which might arise in the context of these chapter 11 cases. Accordingly, the Debtors believe that von Briesen is uniquely qualified to represent them as co-counsel in their chapter 11 cases and will do so in a most expedient manner.

9. Subject to Court approval, in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to von Briesen on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Randall D. Crocker | $450.00 per hour |
| b. | Claire Ann Resop | $400.00 per hour |
| c. | Christopher J. Stroebel | $360.00 per hour |
| d. | Rebecca H. Simoni | $325.00 per hour |
| e. | Eliza M. Reyes | $300.00 per hour |
| f. | Brigitte Fisch, paralegal | $150.00 per hour |
| g. | Jean M. Steele, paralegal | $150.00 per hour |

DB02:9069787.2

068913.1001

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

10. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fair to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

11. The professional services that von Briesen will render to the Debtors include, but shall not be limited to, the following:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

    b. pursuit of sale of the Debtors' assets and/or confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

c. preparing on behalf of the Debtors necessary applications, schedules, statement of financial affairs, motions, answers, orders, reports and other legal papers;

d. appearing in Court and otherwise protecting the interests of the Debtors before the Court; and

e. performing all other legal services for the Debtors which may be necessary and proper in these proceedings.

12. To the best of the Debtors' knowledge, and except as disclosed herein and in the Resop Affidavit, von Briesen has neither previously represented the Debtors nor their creditors, any other parties in interest, or their respective attorneys, in any matters relating to the Debtors or their estates.

13. The Debtors desire to retain von Briesen because of the extensive legal services that may be required. To the best of the Debtors' knowledge and except as otherwise disclosed in the Resop Affidavit, von Briesen does not hold or represent any interest adverse to the Debtors' estates. von Briesen is a "disinterested person" as that phrase is defined in section 101(14) as modified by section 1107(b) of the Bankruptcy Code, and von Briesen's employment is necessary and in the best interests of the Debtors and their estates. von Briesen received the amount of $289,396.39 for fees and $3,410.06 for expenses from the Debtors for attorney fees and expenses incurred for the period beginning November 2008 and continuing through December 15, 2009 for the purposes of forbearance negotiation, financial and pre-bankruptcy planning. The breakdown of the payment history is included in the Resop Affidavit.

14. von Briesen was retained for the purposes of filing these Chapter 11 cases pursuant to the terms of an engagement agreement dated December 10, 2009. von Briesen does not hold any funds as a retainer from Debtors.

## NOTICE

15. Notice of this Application will be provided to: (i) the Office of the United States Trustee; (ii) counsel to Debtors' pre- and postpetition secured lenders; and (iii) all parties that requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, (i) authorizing the Debtors to employ and retain von Briesen as bankruptcy counsel for the Debtors effective as of the Petition Date and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: Gurnee, IL
 December 23, 2009.

/s/ Steven A. Nerger
Steven A. Nerger
Debtors' Proposed Chief Restructuring Officer
KLCG Property, LLC and
Gurnee Property, LLC