# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KLCG PROPERTY, LLC, and<br>GURNEE PROPERTY, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-14418 (KJC)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 4, 2010 at 4:00 p.m. (ET)**<br>**Hearing Date: January 11, 2010 at 3:00 p.m. (ET)** |

## DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

KLCG Property, LLC ("KLCG Property") and Gurnee Property, LLC ("Gurnee-Property") (each a "Debtor" and collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this application (the "Application") for entry of an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving the retention of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as attorneys to the Debtors in these Chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the Affidavit of Michael R. Nestor in Support of Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Attorneys for the Debtors *Nunc Pro Tunc* to the

---

[1] The last four digits of the Debtors' federal tax identification numbers are: KLCG Property LLC (0521) and Gurnee Property, LLC (1995). The Debtors' address is 1700 Nations Drive, Gurnee, Illinois 60031.

Petition Date (the "Nestor Affidavit"), attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully represent:

## JURISDICTION

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On December 16, 2009 (the "Petition Date"), each of the Debtors, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Upon entry of this Court's *Order Authorizing Joint Administration Pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure* on December 17, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 21].

3. KLCG Property is a Delaware single member limited liability company and wholly owned subsidiary of KeyLime Cove of Gurnee, LLC, a Delaware limited liability company ("Gurnee"). Gurnee is managed by KeyLime Cove Resorts, LLC, a Delaware limited liability company formed on October 13, 2005 ("Resorts").

4. KLCG Property was organized in Delaware on October 13, 2005 for the purpose of constructing, owning and operating a 414-room destination resort hotel, indoor water park and conference center located within the greater northern Chicagoland region in Gurnee, Illinois. The resort hotel and indoor water park are hereinafter referred to as "Water Park."

5. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Steven A. Nerger in Support of the Debtors' Chapter 11 Petitions and First Day Relief (the "Nerger Declaration"), which was filed with the Court on December 16, 2009.

## RELIEF REQUESTED

6. By this Application, the Debtors seek authority to employ and retain Young Conaway as their bankruptcy co-counsel with regard to the filing and prosecution of their chapter 11 cases, effective *nunc pro tunc* of the Petition Date. By separate application, contemporaneously filed herewith, the Debtors have also asked the Court to approve the retention of von Briesen nd Roper, S.C. ("von Briesen") as bankruptcy co-counsel. The Debtors are also seeking approval of the retention of Steven A. Nerger ("Nerger") as Chief Restructuring Officer and Silverman Consulting ("Silverman") in connection therewith, and William Blair & Company as investment bankers ("Blair," and together with Young Conaway, von Briesen, Silverman, and Nerger, the "Debtors' Professionals"). Young Conaway has discussed the division of responsibilities with von Briesen and the other Debtors' Professionals and will make every effort to avoid duplication of efforts. Accordingly, the Debtors respectfully request that the Court enter an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing them to employ and retain Young Conaway as their co-counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases.

## BASIS FOR THE RELIEF REQUESTED

**A. Young Conaway's Qualifications**

7. The Debtors seek to retain Young Conaway as their attorneys because of the Firm's extensive knowledge, expertise and experience in the field of debtors' and creditors'

rights and business reorganizations under chapter 11 of the Bankruptcy Code. Additionally, the Debtors submit that Young Conaway's knowledge, expertise and experience practicing before this Court will enable Young Conaway to work in an efficient and cost-effective manner on behalf of the Debtors' estates. In preparing for these cases, Young Conaway has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which might arise in the context of these chapter 11 cases. Accordingly, the Debtors believe that Young Conaway is both well-qualified and uniquely able to represent them as bankruptcy co-counsel in these chapter 11 cases, and will do so in a most efficient and timely manner.

B. **Services to be Provided**

8. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

   a. to provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;
   b. to prepare and pursue confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;
   c. to prepare on behalf of the Debtors necessary applications, motions, answers, orders, reports and other legal papers;
   d. to appear in Court and otherwise protect the interests of the Debtors before the Court; and
   e. to perform all other legal services for the Debtors which may be necessary and proper in these proceedings.

C. **Payment of Fees and Expenses**

9. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. The

DB02:9042895.2                                                                                               068913.1001

principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Michael R. Nestor | $560.00 |
| b. | Donald J. Bowman, Jr. | $325.00 |
| c. | Ryan M. Bartley | $260.00 |
| d. | Andrew L. Magaziner | $240.00 |
| e. | Michelle Smith (paralegal) | $155.00 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

10. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

5
DB02:9042895.2                                                                                                    068913.1001

11. Young Conaway was retained by the Debtors pursuant to a pre-petition engagement agreement (the "Engagement Agreement"). Young Conaway received a retainer in the amount of $50,000 in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors, as well as certain filing fees associated with the initial filing of these cases (the "Retainer"). A part of the retainer in the amount of $30,209.73 — $26,993.50 in fees and $3,216.23 in expenses — has been applied to outstanding balances existing as of the Petition Date. The remaining amount of $19,790.27 constitutes a general retainer as security for post-petition services and expenses.

12. In these cases, an evergreen security retainer is appropriate for several reasons. *See In re Insilco Technologies, Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (Carey, J.) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); *see also* Statements of Chief Bankruptcy Judge Peter J. Walsh, *In re CTC Communications Group, Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), transcript of hearing held May 22, 2003, at 43 ("I agree and adopt wholeheartedly Judge Carey's decision in the Insilco case."). First, these types of retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Technologies, Inc.*, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the Engagement Agreement and

6

DB02:9042895.2                                                                                          068913.1001

Retainer allow the Debtors to maintain their prepetition relationship established with Young Conaway. Thus, under the standards articulated in *In re Insilco Technologies, Inc.*, and adopted *In re CTC Communications Group, Inc.*, the facts and circumstances of these chapter 11 cases support the approval of the security retainer.

**D.**     **Bankruptcy Rule 2014 Disclosure**

13.     To the best of the Debtors' knowledge, and except as disclosed herein and in the Nestor Affidavit, Young Conaway has not represented the Debtors, their creditors or any other parties in interest, or their respective attorneys, in any matters relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that phrase is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

14.     For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

15.     The Debtors desire to retain Young Conaway under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtors' knowledge and except as otherwise disclosed in the Nestor Affidavit, Young Conaway does not hold or represent any interest adverse to the Debtors' estates. Young Conaway is a "disinterested person" as that phrase is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and Young Conaway's employment is necessary and in the best interests of the Debtors and their estates

## NOTICE

16. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtor has served notice of this Application on (a) the Office of the United States Trustee, (b) the Debtors' pre and post-petition Secured Lender, (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; and (d) all parties entitled to notice under Bankruptcy Rule 2002 and Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtor submits that, under the circumstances, no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court to enter an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: December 23, 2009
Gurnee, Illinois

*[signature]*
Steven A. Nerger
Debtors' Proposed Chief Restructuring Officer
KLCG Property, LLC and Gurnee Property, LLC

2
DB02:9042895.2                                                                                              068913.1001