# **EXHIBIT A**

Nestor Affidavit

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KLCG PROPERTY, LLC, and GURNEE PROPERTY, LLC, | Case No. 09-14418 (KJC) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT OF MICHAEL R. NESTOR IN SUPPORT OF DEBTORS' APPLICATION, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS _NUNC PRO TUNC_ TO THE PETITION DATE**

STATE OF DELAWARE    )
                     ) ss.
COUNTY OF NEW CASTLE )

MICHAEL R. NESTOR, being duly sworn, deposes and says:

1. I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm"), The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, DE 19801, and have been duly admitted to practice in the States of Delaware, Pennsylvania, and New Jersey as well as before the United States District Court for the District of Delaware. This Affidavit is submitted in support of the _Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date_ (the "Application").[2]

---

[1] The last four digits of the Debtors' federal tax identification numbers are: KLCG Property LLC (0521) and Gurnee Property, LLC (1995). The Debtors' address is 1700 Nations Drive, Gurnee, Illinois 60031.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2. Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, the Firm, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties-in-interest (the "Interested Parties"), or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as stated below:

    a. In recent weeks, the Firm and certain of its partners and associates have rendered legal services to the Debtors relating to their plans to seek relief under chapter 11 of the Bankruptcy Code and the preparation of the petitions and other papers initiating these chapter 11 cases.

    b. Young Conaway has previously represented the following parties, or affiliates of the following parties, who may be Interested Parties, in matters wholly unrelated to these Chapter 11 proceedings:

- ADT Security Services, Inc.
- Blue Cross Blue Shield, Inc.
- City Electric Contracting Company, Inc.
- Coca Cola Bottling Company
- Federal Express
- Frito-Lay North America, Inc.
- Gordon Food Service
- INACOM
- The Brickman Group, Ltd.

    c. Young Conaway currently represents the following parties, or affiliates of the following parties, who may be Interested Parties, in matters wholly unrelated to these chapter 11 proceedings:

- Blue Cross Blue Shield, Inc.

3. The Debtors also seek to retain, among others, von Briesen and Roper, S.C. ("von Briesen") to provide professional services in these cases. The Debtors are also seeking approval of the retention of Steven A. Nerger ("Nerger") as Chief Restructuring Officer and Silverman Consulting ("Silverman") in connection therewith, and William Blair & Company as investment bankers ("Blair," and together with Young Conaway, von Briesen, Silverman, and

Nerger, the "Debtors' Professionals"). Young Conaway has in the past worked and/or currently does work with and/or against certain of the Debtors Professionals in connection with matters wholly unrelated to the Debtors or these chapter 11 proceedings.

4.  Young Conaway is continuing to review the Debtors' lists of creditors and other parties in interest. Based upon its review as of this date, Young Conaway has determined that it does not represent any party in these proceedings with a material adverse interest with respect to these Debtors. Young Conaway will supplement this affidavit, as necessary, with additional information or disclosures in the event that additional information is developed.

5.  Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel and associates:

(a) are not creditors, equity security holders, or insiders of the Debtors;

(b) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers, or employees of the Debtors; and

(c) do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.  Young Conaway was retained by the Debtors pursuant to the terms of a pre-petition engagement agreement. Young Conaway received a retainer in the amount of $50,000 in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors, as well as certain filing fees associated with the initial filing of these cases. A part of the retainer in the amount of $30,209.73 — $26,993.50 in fees and $3,216.23 in expenses — has been applied to outstanding balances existing as of the Petition Date. The remaining amount of $19,790.27 will constitute a general retainer as security for post-petition services and expenses.

3

DB02:9042895.2                                                                                                    068913.1001

Nerger, the "Debtors' Professionals"). Young Conaway has in the past worked and/or currently does work with and/or against certain of the Debtors Professionals in connection with matters wholly unrelated to the Debtors or these chapter 11 proceedings.

4.  Young Conaway is continuing to review the Debtors' lists of creditors and other parties in interest. Based upon its review as of this date, Young Conaway has determined that it does not represent any party in these proceedings with a material adverse interest with respect to these Debtors. Young Conaway will supplement this affidavit, as necessary, with additional information or disclosures in the event that additional information is developed.

5.  Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel and associates:

(a) are not creditors, equity security holders, or insiders of the Debtors;

(b) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers, or employees of the Debtors; and

(c) do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.  Young Conaway was retained by the Debtors pursuant to the terms of a pre-petition engagement agreement. Young Conaway received a retainer in the amount of $50,000 in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors, as well as certain filing fees associated with the initial filing of these cases. A part of the retainer in the amount of $30,209.73 — $26,993.50 in fees and $3,216.23 in expenses — has been applied to outstanding balances existing as of the Petition Date. The remaining amount of $19,790.27 will constitute a general retainer as security for post-petition services and expenses.

7. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

(a) Michael R. Nestor, $560.00
(b) Donald J. Bowman, Jr. $325.00
(c) Ryan M. Bartley $260.00
(d) Andrew L. Magaziner $240.00
(e) Michelle Smith (paralegal) $155.00

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

8. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client

4

DB02:9042895.2 068913.1001

such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9. No promises have been received by the Firm nor by any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully prays for the entry of an order approving the Application and for such other and further relief as may be just and proper.

_____
Michael R. Nestor

Sworn to before me this 24th day of December, 2009.

_____
Notary Public
My Commission Expires: _____

DEBBIE ELLEN LARKIN
NOTARY P[...]
STATE OF [...]
[...]