## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KLCG PROPERTY, LLC, and<br>GURNEE PROPERTY, LLC,<br><br><br>Debtors. [1] | Chapter 11<br><br>Case No. 09-14418 (KJC)<br><br>(Jointly Administered)<br><br><br>Ref. Docket No.: 92 and 133 |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(A), 363, 365, 503, AND 507 AND FEDERAL BANKRUPTCY RULES 2002, 6004, 6006, AND 9014: (A)(I) ESTABLISHING BIDDING AND AUCTION PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING BID PROTECTIONS FOR THE STALKING HORSE BIDDER; (III) PERMITTING CREDIT BIDDING PURSUANT TO BANKRUPTCY CODE SECTION 363(k); (IV) SCHEDULING AN AUCTION AND SALE HEARING FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; AND (V) APPROVING NOTICE OF PROCEDURES FOR THE SOLICITATION OF BIDS, AN AUCTION AND THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of the above-captioned Debtors and Debtors In Possession (the "Debtors"), pursuant to sections 105, 363, 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, *inter alia*, (a) establishing bidding and auction procedures for the sale of all or substantially all of the Debtors' assets; (b) approving bid protections for the stalking horse bidder; (c) permitting credit bidding pursuant to Bankruptcy Code section 363(k); (d) scheduling an auction and sale hearing for the sale of all or substantially all of the Debtors' assets; (e) approving notice of procedures for the solicitation of bids, an auction and the assumption and assignment of executory contracts

---

[1]   The last four digits of Debtors' federal tax identification numbers are: KLCG Property LLC (0521) and Gurnee Property, LLC (1995). The Debtors' address is 1700 Nations Drive, Gurnee, Illinois 60031.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement, as applicable.

and unexpired leases, including notice of proposed cure amounts; and (f) granting related relief [Dkt. No. 92]; and the Court having found that this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O); and no other or further notice hereof being necessary or required; and the Court having found that the Debtors have articulated good and sufficient reasons in support of the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures and Bidding Protections, and (ii) approval and authorization to serve the Notice of Auction and Sale Hearing and the Cure Amount Notice (each as defined below); and it appearing to the Court that based upon the representations contained in the Motion, the issuance of this Order is in the best interest of the Debtors, their estates and creditors, and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.	The Motion is granted as set forth herein. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 cases.

2.	The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby authorized, approved and made part of this Order as if fully set forth herein. The Debtors are authorized to conduct a sale by auction (the "Auction") of all or substantially all of the Debtors' assets (the "Assets"), including without limitation the assets (hereafter, the "Purchased Assets") subject to the Purchase Agreement, pursuant to the Bidding Procedures and the terms of this Order.

3.	All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as they pertain to the relief granted by entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

068913.1001

4.    The Bidding Procedures are reasonable and appropriate and consistent with maximizing value for the benefit of the Debtors' estates.

5.    The Debtors are authorized and empowered to take such steps, expend such sums of money, and do such other things as may be reasonable or necessary to implement and effect the terms of this Order and the Bidding Procedures.

6.    The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

7.    The Debtors shall, promptly upon receipt, provide to the Committee copies of (i) any and all documents received by the Debtors from Potential Bidders seeking to become Qualified Bidders as contemplated in section II of the Bidding Procedures and (ii) any and all Initial Bids received by the Debtors.

8.    Subject to the final determination of this Court, the Debtors are authorized after consultation with Dougherty Funding LLC in its separate capacities as DIP Lender and Prepetition Senior Lender and the official committee of unsecured creditors as appointed by the Office of the United States Trustee on or about January 7, 2010 (the "Committee") and in accordance with the Bidding Procedures, to (a) determine which of the Initial Bids submitted prior to the Auction and the bids made at the Auction constitute the highest or otherwise best offer(s) at each stage of these procedures, and (b) properly reject any and all Initial Bids or bids at the Auction that are (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, or the terms and conditions of the Sale, or the terms of this Order and the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their estates and creditors.

9.    As further described in the Bidding Procedures, in the event that the Debtors receive one or more Qualifying Bids, the Debtors shall conduct the Auction on **March 16, 2010 at 10:00 a. m. (Eastern Time)** (the "Auction Date") at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or at such other time and place as the Debtors determine in the exercise of their reasonable discretion, upon notice to interested parties. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale. The Auction shall be conducted openly and any creditor shall be permitted to attend, so long as such creditor provides written notice of its plan to attend to counsel for the Debtors at least two business days prior to the Auction so that appropriate arrangements can be made. The bidding at any Auction will be transcribed by a court reporter.

10.    On **March 22, 2010 at 10:00 a.m. (Eastern Time)** or as soon thereafter as counsel may be heard, the Sale Hearing will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, DE 19801, to consider the issuance and entry of an order, *inter alia*, approving the sale(s) of all or substantially all of the Assets free and clear of all liens, claims, encumbrances, and interests (collectively, the "Liens") except as provided in the Purchase Agreement, with the same to attach to the sale proceeds that exceed the "Purchase Price" (as defined in the Purchase Agreement) in the same order of priority, and to the same extent as such Liens were valid, perfected and enforceable prior to such sale. The Debtors may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda announcing the adjournment.

11.     The Auction and Sale Notice substantially in the same form as annexed to the Motion as Exhibit C, the Cure Amount Notice substantially in the same form as annexed to the Motion as Exhibit D, the Post Auction Notice substantially in the same form as annexed to the Motion as Exhibit F and the Post-Closing Assumed Contract Notice substantially in the same form as annexed to the Motion as Exhibit G are sufficient to provide effective notice to all interested parties of the entry of this Order, the Bidding Procedures, the Auction, the Sale and the proposed assumption and assignment of executory contracts and unexpired leases pursuant to Bankruptcy Rules 2002(a)(2), 6004, 6006, and 9014, and are hereby approved.

12.     Nothing is this Bidding Procedures Order or the Bidding Procedures shall preclude the Stalking Horse Bidder from exercising it rights under Bankruptcy Code Section 363(k) to make a credit bid at the Auction to the extent permitted by Bankruptcy Code Section 363(k).

13.     Not later than three (3) business days after entry of this Order, the Debtors will cause the Auction and Sale Notice to be sent by first-class mail, postage-prepaid, to (a) all entities that are know to have asserted any claim, interest, lien or encumbrance on the Assets; (b) non-Debtor parties to executory contracts and unexpired leases subject to the proposed Sale; (c) all governmental taxing authorities that have, or as a result of the sale of the Assets may have, claims, contingent or otherwise, against the Debtors; (d) all parties that filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (e) all known creditors (whether liquidated, contingent or unmatured) of the Debtors; (f) all interested governmental, pension, and environmental entities; (g) the Office of the United States Trustee; (h) counsel to the DIP Lender and the Prepetition Senior Lender, (i) counsel to the Committee, (j) all entities that have, within the past 6 months, expressed to the Debtors an interest in purchasing the

Assets or to have executed confidentiality agreements in connection therewith; and (k) parties who have requested service pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

14.     As soon as practicable after entry of this Order, the Debtors shall serve the Cure Amount Notice by first class mail, postage prepaid, or hand delivery.

15.     All objections to the relief requested in the Motion in connection with the actual sale of the Debtors' Assets (other than any objection to the assumption or assignment of any executory contract or unexpired lease or the proposed Cure Amount with respect thereto that is subject to the "Assigned Contract Objection Procedures" (as defined below)) must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 on or **before March 11, 2010 at 4:00 p.m. (Eastern Time)** (the "Sale Objection Deadline"); and (d) served so as to be received on or before the Sale Objection Deadline by:

(a)     the Debtors, 1700 Nations Drive, Gurnee, Illinois 60031, Attn: Steve A. Nerger, CRO;

(b)     counsel to the Debtors, von Briesen and Roper, S.C., 3 South Pinckney Street, Suite 1000, Madison, Wisconsin 53703-4200, Attn: Claire Ann Resop (cresop@vonbriesen.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Fl., Wilmington, Delaware 19801, Attn: Michael R. Nestor (mnestor@ycst.com);

(c)     the investment bankers for the Debtors, William Blair & Company L.L.C., 222 West Adams Street, Chicago, Illinois 60606, Attn: Geoffrey Richards (grichards@williamblair.com);

(d)     counsel to the Stalking Horse Bidder, Fabyanske, Westra, Hart & Thomson, P.A., 800 LaSalle Avenue Suite 1900, Minneapolis, Minnesota, 55402 Attn: Mark W. Westra (mwestra@fwhtlaw.com) and Paul Ratelle (pratelle @fwhtlaw.com); and

(e)     the Office of the United States Trustee, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: Patrick Tinker (fax (302) 573-6497) (collectively, the "Notice Parties").

The foregoing requirements are collectively referred to herein as the "General Objection Procedures." Only those objections made in compliance with the General Objection Procedures will be considered by the Court at the hearing on this Motion. The failure of any objecting person or entity to file its objections by the Sale Objection Deadline and in accordance with the General Objection Procedures will be a bar to the assertion, at hearing on this Motion, the Sale Hearing or thereafter, of any objection to the proposed sale of Assets, including any objection to the sale of any of the Assets free and clear of Liens except as provided in the Purchase Agreement, with any Liens to attach to the sale proceeds that exceed the Purchase Price in the same order of priority, and to the same extent as such Liens were valid, perfected and enforceable prior to such sale.

16.     Any non-debtor party to an executory contract or unexpired lease objecting to the potential assumption and assignment of its executory contract or unexpired lease on any grounds (other than the provision of adequate assurance of future performance in connection therewith pursuant to section 365 of the Bankruptcy Code ("Adequate Assurance")) must timely file an objection (the "Cure Amount/Assignment Objection") within twenty (20) days after the date of this Notice (the "Cure Amount/Assignment Objection Deadline") and serve a copy on the Notice

Parties so as to be received by that time and date. A Cure Amount/ Assignment Objection must: (a) comply with the General Objection Procedures; (b) identify the executory contract or unexpired lease to which the objector is party; (c) describe with particularity any cure the claimant contends is required under section 365 of the Bankruptcy Code (the "Cure Claim") and identify the basis(es) of the alleged Cure Claim; and (d) attach all documents supporting or evidencing the Cure Claim or otherwise setting forth the grounds for objection to the proposed assumption and assignment (collectively with the General Objection Procedures, the "Assigned Contract Objection Procedures").

17. If no Cure Amount/Assignment Objection is timely and properly filed and served in accordance with the Assigned Contract Objection Procedures, then the Cure Amount set forth in the Cure Amount Notice shall be controlling notwithstanding anything to the contrary in any executory contract or unexpired lease or other document and the non-debtor party to the executory contract or unexpired lease shall be forever barred from asserting any other claim arising prior to the assignment against the Debtors or the Successful Bidder (or Back-Up Bidder) as to such executory contract or unexpired lease. To the extent the Debtors dispute any Cure Claim, such dispute shall be presented to the Court at the Sale Hearing, or such later date and time as the Debtors, the objector, and (after the Auction) the Successful Bidder (or Back-Up Bidder), may agree or the Court may order, but such dispute shall not affect in any way the effectiveness of any executory contract or unexpired lease.

17. As soon as possible after the conclusion of the Auction, the Debtors shall file, with, but not serve, a Post Auction Notice, that identifies any Successful Bidder (and Back-Up Bidder) and provides notice that the Debtors will seek to assume and assign the Assigned Contracts at the Sale Hearing.

18.     At the Sale Hearing, the Debtors (a) shall present evidence necessary to demonstrate Adequate Assurance by any Successful Bidder (and Back-Up Bidder) and (b) request entry of an order approving the assumption and assignment of any Assigned Contracts to any Successful Bidder (or Back-Up Bidder).

19.     If the Court approves the Stalking Horse Bidder as the purchaser of the Assets, the Stalking Horse Bidder may elect to take assignment of certain executory contracts and unexpired leases listed on **Exhibit C** to the Purchase Agreement for up to thirty (30) days after the closing of the Sale (the "Post-Closing Assumed Contracts"). Upon designation of such Post-Closing Assumed Contracts, the Debtors will file with the Court and serve a notice (the "Post-Closing Assumption Notice"), substantially in the form annexed to the Motion as Exhibit G, on the non-debtor parties to the Post-Closing Assumed Contracts that identifies the Stalking Horse Bidder as the purchaser of the Assets and provides notice that the Debtors are assuming and assigning the Post-Closing Assumed Contracts to the Stalking Horse Bidder.

20.     The Sale does not implicate the provisions of sections 363(b)(1)(A) or 363(b)(1)(B) of the Bankruptcy Code.

21.     In the event one or more objections to the relief requested in the Motion are filed, the Debtors are authorized but not required, pursuant to Local Bankruptcy Rule 9006-1(d), to file a consolidated reply to such objection(s) on or before **March 19, 2010 at 12:00 p. m. (Eastern Time)**.

22.     To the extent there is any inconsistency between the terms of this Order and the Bidding Procedures, the terms of this Order shall control.

23.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     This Order shall be binding upon and inure to the benefit of the Debtors, the Purchaser, and their respective successors and assigns, including any chapter 11 or chapter 7 trustee or other fiduciary appointed in these cases or subsequent cases.

25.     The Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

26.     The Debtors are not seeking, through the Motion, approval of a stalking horse bid that contemplates the payment of a break-up fee or expense reimbursement.  However, in the event that the Debtors are able to secure an alternative stalking horse bidder that is acceptable to both the Debtors, the DIP Lender and the Prepetition Senior Lender, the Debtors expressly reserve the right to seek approval of bidding protections in favor of such bidder if the Debtors believe that such relief is necessary to maximize the value of their assets for the benefit of the stakeholders of their estates.

Dated: Wilmington, Delaware
        February 5, 2010

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge