# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KLCG PROPERTY, LLC, and GURNEE PROPERTY, LLC, | Case No. 09-14418 (KJC) |
| | (Jointly Administered) |
| Debtors.[1] | Docket Ref. No.: 388 |

## ORDER (I) APPROVING DEBTORS' (A) DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES, (B) ESTABLISHING A PROCESS FOR FINAL FEE APPLICATIONS, AND (C) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of KLCG Property, LLC ("KLCG Property") and Gurnee Property, LLC ("Gurnee-Property") (each a "Debtor" and collectively, the "Debtors"), debtors-in-possession in the above-captioned chapter 11 cases for entry of an order, pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code, (a) dismissing the Debtors' chapter 11 cases, (b) establishing a process for final fee applications, and (c) granting certain related relief; and this Court having reviewed the Motion and having conducted hearings on the Motion on November 3, 2010 and November 10, 2010, at which time the Debtors and all parties-in-interest were given an opportunity to be heard;

**THE COURT BEING INFORMED THAT**

The Debtors, the Official Committee of Unsecured Creditors, the Debtors' counsel (von Briesen and Roper, S.C. and Young Conaway Stargatt & Taylor, LLP, collectively referred to herein as "Debtors' Counsel")), counsel to the Committee (K&L Gates LLP and Saul Ewing LLP, collectively referred to herein as "Committee Counsel"), the fee examiner appointed in the

---

[1] The last four digits of Debtors' federal tax identification numbers are: KLCG Property LLC (0521) and Gurnee Property, LLC (1995). The Debtors' address is 1700 Nations Drive, Gurnee, Illinois 60031.

[2] Capitalized terms used, but not otherwise defined, herein shall have those meaning ascribed to them in the Motion.

Debtors' bankruptcy cases (Stuart Maue, referred to herein as the "Fee Examiner"), and the Debtors' claims and noticing agent (the Garden City Group, Inc., referred to herein as "Garden City"; and together with Debtors' Counsel, Committee Counsel, the Fee Examiner, and Garden City, the "Retained Professionals") have reached an agreement (the "Dismissal Agreement") to ensure that upon dismissal all administrative expense claims and United States Trustee Fees will be satisfied, and that the terms of that agreement are as follows:

(a) The Fee Examiner shall cease any and all work in theses cases pursuant to the order, dated April 1, 2010 [D.I. 214] (other than filing a final fee application), and the Fee Examiner agrees to cap his fees at $55,000;

(b) The Fee Examiner agrees that the remainder of the Fee Examiner's professional fee carve-out ($15,000) can be used to fund the fees and expenses of Debtors' Counsel;

(c) $36,300 of the $195,000 that the Lenders agreed to carve-out from their collateral for the benefit of unsecured creditors (priority unsecured creditors and general unsecured creditors) and committee counsel (to the extent committee counsel's fees and expenses exceeded its own professional fee carve-out) (the "Unsecured Creditor Carve-Out") shall be paid to K&L Gates for benefit of the Committee's professionals;

(d) $8,750 of the Unsecured Creditor Carve-Out shall be paid to Garden City, and Garden City agrees that in consideration of this payment it will properly notice out to creditors the instant order approving the Dismissal Motion;

(e) $6,250 of the Unsecured Creditor Carve Out shall be paid to von Briesen & Roper to be applied to fees and expenses incurred by Debtors' Counsel;

(f) Any United States Trustee fees owed as of the dismissal of the Debtors' bankruptcy cases in excess of $13,325 (the amount of funds that have been separately carved-out from the Lenders' collateral to pay such claims) may be paid from the Unsecured Creditor Carve Out;

(g) The Retained Professionals all agree that with the payments described above (and prior amounts received by such Retained Professionals), they will have no other or further claims against the Debtors' estates or the Unsecured Creditor Carve-Out, and that any fees and expenses incurred by such Retained Professionals in connection with the Debtors' bankruptcy cases that are not fully satisfied as a result of payments previously

2
YCST01:10245488.8                                                                      068913.1001

received by such Retained Professionals in the case and/or the payments described above will be written off by the Retained Professional at issue;

(h) Such balance of the Unsecured Creditor Carve-Out after payment of the amounts above (anticipated to be in excess of $143,000) will be addressed as separately agreed between the Committee and the Debtors (the "Carve-Out Agreement").

**THE COURT FINDING THAT:**

Notice of the Motion and the opportunity for a hearing thereon were adequate and appropriate under the circumstances and no other or further notice need be given; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and the requested relief in the Motion is in the best interests of the Debtors' estates and their creditors; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to Section 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Cases are hereby dismissed.

3. The form and manner of providing notice of the Motion are hereby approved.

4. Water Safety Products shall have an allowed general unsecured claim in the amount of $1,369.50.

5. Notwithstanding anything to the contrary in the Motion or this Order, the claim of Alexis Kunz will be allowed in the amount of $10,000 and nothing set forth in the Motion or this Order shall serve to modify the order and stipulation regarding the grant of relief from the automatic stay to Alexis Kunz or Alexis Kunz's rights to applicable insurance coverage.

YCST01:10245488.8 068913.1001

This amount is not to be construed as an admission or waiver by any party, or determination by the Court, as to the actual amount of the claim. [Docket No. 367].

6. All professionals retained by the Debtors and Creditors' Committee shall file final fee applications (the "Final Fee Applications") on or before November 30, 2010 at 4:00 p.m. (prevailing Eastern Time) (collectively, the "Final Fee Applications"). Parties in interest shall file objections to the Final Fee Applications on or before 15 days (the "Fee Objection Period") after the filing of the Final Fee Application. The Declarations supporting each Final Fee Application shall provide that total compensation to be received by the professional at issue in connection with the Debtors' bankruptcy cases will be less than or equal to the total amount of fees and expenses requested in the Final Fee Application (the "Supplemental Declaration"). The Final Fee Applications do not need to be provided to or reviewed by the Fee Examiner, and all Final Fee Applications that (i) contain the Supplemental Declaration and (ii) for which no timely objection has been filed may be approved by the Court without the need for further notice or hearing.

7. To the extent that an objection with respect to a Final Fee Application is filed within the Fee Objection Period, and remains unresolved by the parties, a hearing on the Final Fee Application and the objection shall be held on December 28, 2010 at 10:00 a.m. If no objections are received, an order shall be entered approving the Final Fee Application on a final basis upon the filing of a certification of counsel affirming either that (i) no timely objections were received or (ii) that such objections have been resolved.

8. The Fee Examiner's fees and expenses in connection with the Debtor's bankruptcy cases shall not exceed $55,000.

4

YCST01:10245488.8                                                                          068913.1001

9. Other than as specifically set forth above in connection with the Dismissal Agreement, the Retained Professionals will have no other or further claims against the Debtors' estates or the Unsecured Creditor Carve-Out.

10. Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in these chapter 11 cases shall survive the dismissal of these chapter 11 cases.

11. Effective upon the entry of this order, the Debtors' retention of Young Conaway Stargatt & Taylor, LLP shall be terminated. Effective upon implementation of the Carve-Out Agreement the Debtors' retention of von Briesen & Roper, S.C. shall be terminated.

12. The Court shall retain jurisdiction over any and all matters arising from, or related to, the interpretation or implementation of this Order and the Final Fee Applications to be filed in these cases.

Dated: Wilmington, Delaware
November 4, 2010.

_____
Kevin J. Carey
Chief United States Bankruptcy Judge

5
YCST01:10245488.8                                                            068913.1001